UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

RALPH EDWIN JUSTICE,  )
                      )
    Petitioner,        )   Civil Action No. 12-CV-74-HRW
                      )
v.                    )
                      )
MICHAEL SEPANEK, Warden,  )   **MEMORANDUM OPINION**
                      )   **AND ORDER**
    Respondent.       )

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

Ralph Edwin Justice is an inmate confined in the Federal Prison Camp located in Ashland, Kentucky. Proceeding without counsel, Justice has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Justice is not represented by an attorney, the Court reviews his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts Justice's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts

(applicable to § 2241 petitions pursuant to Rule 1(b)). The Court has reviewed the petition, but must deny it because Justice can not pursue his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

On March 14, 2011, Justice pleaded guilty in this Court to Conspiracy to Distribute a Controlled Substance Analogue in violation of 21 U.S.C. § 846. On September 13, 2011, the Court sentenced Justice to a 54-month prison term and a 3-year supervised release term. Justice neither appealed his sentence nor filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *United States v. Justice*, No. 0:11-cr-00003-DLB-EBA (E.D. Ky. 2011).

In his § 2241 petition, Justice alleges that he was denied his right to due process of law in the criminal proceeding because the charge against him was ambiguous; he was not provided with a "302 statement" prior to pleading guilty; and the government did not offer him a "reduced sentence or any other consideration." [D. E. No. 1, p. 7] Justice further alleges that during and after his trial, he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Justice claims that his trial counsel was ineffective for failing to verify the quality of the chemical elements; failing to properly represent him during the plea bargain process; failing to require the government to prove that the substance he allegedly conspired to distribute was illegal; failing to challenge 21 U.S.C. § 846 as unconstitutionally vague; causing him to plead guilty by telling

2

him that he would receive a longer prison term if he did not; and failing to obtain and/or provide him with a signed copy of the indictment. Justice has also filed a motion asking that his case be advanced on the court's docket. [D. E. No. 2]

Justice cites no legal authority in support of his claims, but to the extent that he asserts Sixth Amendment ineffective assistance of counsel claims, he may be attempting to invoke the holdings of two Supreme Court cases decided on March 21, 2012, *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1375 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012).

In *Frye*, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). *Frye*, 132 S.Ct. at 1409. The Court further held that to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel, and he must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id.*

In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of

3

ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.* The Court held that the proper remedy to cure the ineffective assistance of counsel was to order the prosecution to re-offer the plea agreement and allow the state trial court to "... exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly, or to leave the convictions and sentence from trial undisturbed." *Id.* at 1391.

## DISCUSSION

Justice is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he contends that his drug conviction is invalid because he received ineffective assistance of counsel during his trial proceeding. But § 2241 is not the mechanism for asserting such challenges: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, Nos 4:07-cr-12, 4:10-cv-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to

challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

None of Justice's claims fall within this exception. Had Justice filed a § 2255 motion raising his various Fifth and Sixth Amendment claims which he now asserts in this § 2241 proceeding, the sentencing court could have considered the merits of those constitutional claims. Justice did not file a § 2255 motion, although he either was or should have been aware of all of the alleged constitutional deficiencies when he was sentenced on September 13, 2011, or at the latest, within a year of that date.

The remedy provided under § 2255 is not rendered inadequate and ineffective if the

5

prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, No. 4:09-cv-2759, 2012 WL 11135, at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. The burden is on the petitioner to establish that the remedy under § 2255 is inadequate or ineffective, *Martin*, 319 F.3d at 804-05. Justice can not demonstrate that as to his Fifth and Sixth Amendment claims, his remedy under § 2255 was an inadequate means of challenging his conviction.

Additionally, a § 2241 petitioner can utilize the savings clause of § 2255 if he or she alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To make this showing, the petitioner must allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d.

458, 461 (6th Cir. 2001).

Justice can not make that showing because *Frye* and *Lafler* are factually inapposite to the facts of his case, and even if the two cases were factually similar, neither of them apply retroactively to cases on collateral review, such as Justice's §2241 petition. Four federal circuit courts have now ruled that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review. *Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012) (holding that in both cases, the Supreme Court merely applied the Sixth Amendment right to effective assistance of counsel according to the *Strickland* test, and established in the plea-bargaining context under established law, and that "... these cases did not break new ground or impose a new obligation on the State or Federal Government."); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012).[1]

Justice's argument that the government refused to offer him a "reduced sentence," or that his counsel failed to negotiate a "reduced sentence," lacks merit because there is no constitutional right to plea bargain and nothing requires a prosecutor to accept a plea bargain proposal from a defendant which the prosecutor finds unacceptable. *Weatherford v. Bursey*,

---

[1] *See also Robertson v. United States*, No. 7:10-cr-00054, 2012 WL 2930481, at *2 (W.D. Va. July 18, 2012) (rejecting petitioner's claim that *Frye* afforded him relief on collateral review because it "...did not recognize a new right; rather, it applied a long recognized right to the effective assistance of counsel to a particular set of facts."); *Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D. Tenn. Jan. 31, 2013) (declining to find that any rule established in *Frye* and *Lafler* applied retroactively to the petitioner's § 2255 motion).

429 U.S. 545, 561 (1977). Since Justice had no constitutional right to obtain a plea bargain from the prosecutor, it follows that his counsel was not constitutionally deficient for failing to seek a plea bargain from the government. *See United States v. Rice*, 607 F.3d 133 (5th Cir. 2010); *United States v. Gonzalez-Vazquez*, 219 F.3d 37, 43 (1st Cir. 2000) ("'there is no constitutional right to plea bargain'") (quoting *Weatherford*, 429 U.S. at 561); *United States v. Bissette*, 30 F.3d 131 (Table), 1994 WL 413030 (4th Cir. 1994) (petitioner had "no right to engage in plea negotiations"); *United States v. Sammons*, 918 F.2d 592 (6th Cir. 1990); *United States v. Palmer*, 809 F.2d 1504, 1508 (11th Cir. 1987) (no constitutional right either to a plea bargain or to a plea bargain with favorable terms); *Aguirre v. United States*, Nos. 2:06-cr-76, 2:10-cv-276, 2012 WL 3191958, at *6 (E.D. Tenn. August 2, 2012) (rejecting claim that § 2255 petitioner's counsel violated the Sixth Amendment by failed to effectuate a favorable plea bargain from the government).

Justice has recently filed a motion asking that his case be expedited, stating that he has been diagnosed with penile cancer; that he may not live long; that the medical care he is receiving from the BOP is inadequate; and that he must be released in order to receive proper treatment. [D. E. No. 2] The Court has conducted its screening of his petition, rendering any further advancement of his petition unnecessary.

Justice's indication that he must be released from prison in order to receive proper medical treatment [D. E. No. 2, p. 2] might be construed as a request for "compassionate release" from federal custody. Such releases are permitted by statute, which provides that

8

a federal court may, "*upon motion of the Director of the [BOP]*, ... reduce the term of imprisonment ... if it finds that ... extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(I) (emphasis added).

A federal prisoner begins the process by requesting a compassionate release from the Warden. 28 C.F.R. § 571.61. If the Warden determines that a compassionate release is warranted, his recommendation will be reviewed sequentially by the BOP's Regional Director, Central Office, and Medical Director, and Director. 28 C.F.R. § 571.62(a)(1)-(3). If the Director of the BOP grants a compassionate release request under 18 U.S.C. § 3582(c)(1)(A), he will contact the U.S. Attorney in the district in which the inmate was sentenced and ask the attorney to file a motion in the sentencing court seeking a reduction of the inmate's sentence "to time served." 28 C.F.R. § 571.62(a)(4).

Justice is free to initiate the compassionate release process, but the Court lacks jurisdiction to order such relief in a § 2241 proceeding. *See Caudill v. Hickey*, No. 12-CV-7-KKC, 2012 WL 2524234, at *2 (E.D. Ky. June 29, 2011) (holding that compassionate release must be requested in and ordered by the sentencing court); *Srivastava v. United States*, No. 5:10-HC-2260-D, 2011 WL 3291823, at *2 (E.D.N.C. Aug. 1, 2011) (finding that habeas petition seeking release because of allegedly inadequate medical treatment was not cognizable under § 2241). Justice is advised that if the BOP declines to request a compassionate release on his behalf, its decision is not reviewable in federal court, given the "broad grant of discretion" which § 3582(c)(1)(A)(i) confers upon the Director of the BOP.

*Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011).

For these reasons, Justice is not entitled to relief under § 2241. The Court will deny his habeas petition and deny his motion to expedite his case as moot.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.  Ralph Edwin Justice's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

2.  Justice's motion to advance his case on the docket [D. E. No. 2] is **DENIED** as **MOOT**; and

3.  The Court will enter an appropriate judgment.

4.  This matter is **STRICKEN** from the active docket.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge